```
IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF KANSAS
```

**JAMES FLOYD CLEAVER,**

                     **Petitioner,**

         v.                                           CASE NO. 14-3037-RDR

**CLAUDE MAYE,**

                     **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed by a federal prisoner. Petitioner proceeds pro se and submitted the filing fee.

*Background*

Petitioner was convicted in the United States District Court for the District of Colorado and sentenced to a term of 400 months in prison. The conviction and sentence were affirmed on appeal. *United States v. Cleaver*, 163 Fed.Appx. 622 (10th Cir. 2005), *cert. denied*, 547 U.S. 1103 (2006).

Petitioner unsuccessfully sought post-conviction relief pursuant to 28 U.S.C. § 2255. *U.S. v. Cleaver*, 2006 WL 2084400 (D.Col. 2006), *cert. of appealability den.*, 236 Fed.Appx. 359 (10th Cir.), *cert. den.*, *Cleaver v. U.S.*, 552 U.S. 1003 (2007).

Two years after the denial of his petition under § 2255, petitioner filed a motion pursuant Fed.R.Civ.P. 60(b) seeking relief and asserting the claim he presents here, namely, that he did not receive a copy of the government's response to his motion under § 2255 in time to file a reply. *See U.S. v. Cleaver*, 319 Fed.Appx. 728, *2 (10th Cir. 2009)(noting that petitioner could have, but did not,

present this claim in his post-judgment motions and appeal).

*Construction of this action*

Because petitioner proceeds pro se, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). The cover page of the pleading identifies the action as a "petition for writ of habeas corpus by a person in federal custody pursuant to Title 28 § 2255(c)(3)" (Doc. 1, p. 1). However, the petition refers to the Savings Clause of § 2255(e) (Doc. 1, p. 1) which allows a party to proceed under 28 U.S.C. § 2241 in limited circumstances. Likewise, the conclusion of the petition describes it as a "motion for Habeas Corpus, 28 U.S.C. § 2241" (Doc. 1, p. 13). These references suggest that petitioner intends to proceed under §2241. In light of these circumstances, and considering petitioner's earlier presentation of a petition under § 2255 in the appropriate forum, the court concludes this matter may be construed as an application brought pursuant to § 2241.

*Analysis*

The remedies provided by § 2255 and § 2241 are distinct. While § 2255 is used to challenge the legality of a judgment or sentence, a petition under § 2241 is used to challenge the execution of a sentence rather than its validity. *See Bradshaw v. Story*, 86 F.3d at 166. The remedy under § 2241 "is not an additional, alternative, or supplemental remedy" to a petition under § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

Here, petitioner alleges he was prejudiced by the actions by the sentencing court that resulted in his inability to file a reply to the respondent's answer in his petition under § 2255. Because that

claim does not concern the execution of petitioner's sentence, it is not, on its face, a challenge properly brought pursuant to § 2241.

However, petitioner invokes the savings clause of § 2255(e). That provision has been summarized as follows:

> [F]ederal prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under [28 U.S.C.] § 2241 through the mechanism of § 2255(e)'s savings clause. To fall within the ambit of the savings clause and so proceed to § 2241, a prisoner must show that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013)(internal quotation marks and brackets omitted), *cert. denied*, *Abernathy v. Cozza-Rhodes*, ___ U.S. ___, 134 S.Ct. 1874 (2014).

As noted, the Tenth Circuit concluded that the petitioner's claim concerning the actions of the sentencing court could have been presented to that court and to the court of appeals in the context of his petition under §2255. *U.S. v. Cleaver*, 319 Fed.Appx. 728, *2. There is no compelling argument that the remedy under § 2255 is inadequate or ineffective, and this court finds no basis to allow petitioner to proceed under §2241.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is construed as a petition filed pursuant to 28 U.S.C. § 2241 and is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 3rd day of July, 2014, at Topeka, Kansas.

                                            S/ Richard D. Rogers
                                            RICHARD D. ROGERS
                                            U.S. Senior District Judge